SERVERA, PETITIONER AND APPELLANT, *v.* OTERO, MUNICIPAL SECRETARY, RESPONDENT.

APPEAL from the District Court of Mayagüez in an Application for a Writ of *Mandamus*.

No. 1220.—Decided April 21, 1915.

NATURAL CHILDREN—ACKNOWLEDGMENT—CIVIL REGISTER—APPROVAL OF COURT.—
The acknowledgment of natural children made in a will executed before a notary public may be entered in the civil register although the testator may not have died and it does not require the approval of the court, which is necessary when the acknowledgment is made in any public instrument except a will or a certificate of birth.

ID.—ACKNOWLEDGMENT—CIVIL REGISTER.—Not only the acknowledged minors but also the father or the mother who acknowledges them are parties interested in the entry of the marginal note of acknowledgment in the civil register, according to subdivision 1 of section 19 of the Act establishing a Civil Register.

The facts are stated in the opinion.

Mr. Juan Llaneras for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the will which Enrique Guillermo Servera executed, before a notary public on September 15, 1914, he acknowledged as his natural children Luis Vicente, Aurelio and ·Rosalía, who were registered in the Civil Register of San Germán as the natural ·children of Monserrate Giménez. By his attorney the testator applied to Francisco Otero Rivera, the official in charge of the said register, for the entry of said acknowledgment on the margin of the said registrations and it was denied. Thereupon Enrique Guillermo Servera filed· a petition in the District Court of Mayagüez reciting the said facts and praying.that a writ of mandamus be issued· to the official in charge of the civil register commanding him to enter the said marginal notes.

The District Court of Mayagüez refused to grant the writ on the ground that as the testator had not died the will had no greater force or validity than any other public instrument of acknowledgment of natural children, therefore the approval of the court was necessary to give it legal effect; also, that the person who presented the will to the respondent had no interest in the entry or record and did not represent the interested parties, as provided by subdivision 1 of section 19 of the Civil Register Act in force. From that decision the petitioner took the present appeal.

A will has the juridical character of disposing of the property of the testator after his death, therefore it produces no legal effect upon the property until the death has occurred. But as the Legislature in enacting section 193 of the Revised Civil Code, as amended in 1911, prescribed that the acknowl-

edgment of natural children may be made by will and in that case dispenses with the approval of the court which is required when the acknowledgment is made in any other public document except the certificate of birth, it cannot be held that before the death of the testator his acknowledgment of his natural children by will requires the approval of the court as if it were made in some public document other than a will.

The acknowledgment is made in a will and, therefore, it has the effect of not requiring the approval of the court. The Legislature suppressed this formality in the case of an acknowledgment made in a will, although it knew that a document of this kind produces no effect as to the disposition of property until after the death of the testator, and we must respect its intention, which undoubtedly is based on the greater solemnity required for this class of documents and on the meditation and deliberation which generally accompany the execution of wills. Moreover, according to section 731 of the same code, the acknowledgment does not lose its legal force even though the will in which it was made may be revoked, and this shows that the will need not become effective as such in order that the acknowledgment may preserve its legal force, which in these cases consists in that it was made in a will and that it is exempt from the approval of the court.

As to the second ground on which the decision appealed from is based, we understand that, according to subdivision 1 of section 19 of the Act establishing a Civil Register, not only the acknowledged minors, but also the father or the mother acknowledging them are parties interested in the entry of the marginal note, and that, therefore, Enrique Guillermo Servera has the right to apply for, personally or by his attorney, the entry of the marginal note of the acknowledgment by him of his children.

For the foregoing reasons we are of the opinion that the decision appealed from should be reversed and the judge of

the lower court instructed to issue the writ of *mandamus* in the proper manner according to law.

> *Reversed with instructions to lower court to issue the writ of* mandamus.

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.